UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MARIA RENTERIA,<br><br>    Petitioner,<br><br>  v.<br><br>CHUCK GILKEY, Warden,<br><br>    Respondent.<br>_____/ | CV F 05-1572 OWW SMS HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS MOOT<br><br>[Doc. 18] |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

BACKGROUND[1]

On March 26, 2004, Petitioner pled guilty, in the Eastern District of California, Sacramento Division, to two counts of violating 18 U.S.C. § 1028(a)(6) by possessing a false United States identification card, in June 1994 and September 1996. Petitioner also pled guilty to violating 8 U.S.C. § 1325(a) by committing misdemeanor illegal entry in December 2000. See United States v. Jose Maria Renteria, No. CR S 03-CR-555-3095.

Petitioner was sentenced to 12 months of imprisonment for each violation of section 1028, and a 6-month term for the section 1325 violation. The court ordered that the terms be served consecutively for a total of 30 months.

---

[1] This information is derived from the amended petition for writ of habeas corpus and Respondent's motion to dismiss.

1

Petitioner filed the instant petition for writ of habeas corpus on December 12, 2005, along with a motion to appoint counsel. (Court Docs. 1, 2, 3.) By order of February 16, 2006, the Court granted Petitioner's motion to proceed in forma pauperis, and denied Petitioner's motion for expedited disposition and appointment of counsel. (Court Doc. 8.) In that order, the Court granted Petitioner fifteen days to file an amended petition which included his original signature. (Id.) On February 24, 2006, Petitioner filed an amended petition for writ of habeas corpus, along with a second motion for the appointment of counsel. (Court Docs. 10, 11.)

On March 8, 2006, the Court directed Respondent to submit an answer to the petition within sixty days from the date of service.[2]

Pending before the Court is Respondent's motion to dismiss, filed July 11, 2006. (Court Doc. 18.)

In the instant petition, Petitioner alleges that "[a]ccording to 18 U.S.C. § 3624(b)(1), a federal prisoner who is serving a term of imprisonment of 'more than one year' may receive up to 54 days at the end of each year the term of imprisonment, subject to the Federal Bureau of Prisons' (BOP) determination that the prisoner has displayed 'exemplary compliance with institutional disciplinary regulations." (Amd. Pet. at 2.) Petitioner alleges that he "was advised by the records division at California City Correctional Institute that his 12-month sentence for the offense committed in June 1994, did not exceed one year for the purpose of earning good time credit under §3624(b). The record division further informed [Petitioner] that, pursuant to BOP policy, one of [Petitioner's] 12-month sentences could not be aggregated with his other sentences because that 12-month term had been imposed for an offense committed before the Sentencing Reform Act (SRA) was amended by the Prison Litigation and Reform Act, whereas the other sentences could be aggregated because they had been imposed for conduct committed after the PLRA amendments." (Amd. Pet. at 2.) Petitioner argues that the BOP violated his statutory rights by refusing to aggregate his sentences, contrary to the plain language and intent of 18 U.S.C. §§ 3584(c) and 3624(b). (Amd. Pet. at 3.)

---

[2] Due to an error in the service of that order, the order was re-served on May 16, 2006, resetting the deadlines. (Court Doc. 15.)

I.     Petition is Moot

Respondent argues that the instant petition is moot because Petitioner has been released from custody. Respondent's argument has merit.

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984). "Some collateral consequence of the conviction must exist, however, in order for the suit to be maintained." Wilson v. Terhune, 319 F.3d 477 (9th Cir. 2003), *cert. denied* 539 U.S. 933 (2003) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998).) The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them" North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937). To satisfy the Article III case or controversy requirement, a litigant "must have suffered some actual injury that can be redressed by a favorable judicial decision." Iron Arrow, 464 U.S. at 70, 104 S.Ct. at 375; Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 38, 96 S.Ct. 1617, 1924 (1976); NAACP, Western Region, 743 F.2d at 1353.

At the time Petitioner filed the instant petition, he was housed at California City Correctional Institution, in California City, Kern County, California. (Amd. Pet. at 2.) Respondent submits evidence that Petitioner was released from custody on April 5, 2006, via good conduct time release. (Attachment 2, to Respondent's Motion.) Petitioner was subsequently deported. (Attachment 3, to Respondent's Motion.) Because of Petitioner's release, the instant petition is moot and must be dismissed.

When the petition for writ of habeas corpus challenges a disciplinary proceeding, like the instant challenge to the calculation of his sentence, the petition is not moot as long as it is possible for the Court to correct the punishment imposed as a result of the proceedings. However, once the petitioner is released from incarceration, the Court cannot restore any good

time credits a prisoner may have lost or undo any other administrative punishments he may have suffered. <u>Nonette v. Small</u>, 316 F.3d 872, 875-76 (9th Cir. 2002). Further, there is no presumption that Petitioner will suffer collateral consequences as a result of the disciplinary proceedings. <u>Id</u>. Therefore, the instant petition is moot and must be dismissed.

<u>ORDER</u>

Based on the foregoing, it is HEREBY ORDERED that:

1. Respondent's motion to dismiss the instant petition as MOOT, is GRANTED;
2. All other pending motions are DENIED as MOOT; and
3. Judgment shall be entered; thus, terminating this action.

IT IS SO ORDERED.

**Dated:    August 25, 2006**                            /s/ Oliver W. Wanger
emm0d6                                                   UNITED STATES DISTRICT JUDGE